UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARBARA SUE SKLAR LIVING TRUST, et al., | Case No.  17-cv-03743-VC |
| Plaintiffs, | |
| v. | **ORDER RE MOTION FOR PRELIMINARY APPROVAL** |
| EDWARD FENSTER, et al., | Re: Dkt. No. 35 |
| Defendants. | |

The Court will approve the Settlement Agreement if the scope of the release is narrowed to reach only those claims that are "based on the identical factual predicate as that underlying the claims in the settled class action." *See Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010). The parties are instructed, if they wish to obtain preliminary approval, to resubmit within seven days the Settlement Agreement and Notice with the Court's proposed changes (appended to this order).

**IT IS SO ORDERED.**

Dated: August 29, 2019

VINCE CHHABRIA
United States District Judge

<table>
<tr><td>1</td><td></td></tr>
</table>

1    UNITED STATES DISTRICT COURT

2    NORTHERN DISTRICT OF CALIFORNIA

3    SAN FRANCISCO DIVISION

4

| 5 | BARBARA SUE SKLAR LIVING TRUST, Derivatively on Behalf of Nominal Defendant SUNRUN INC., | Case No.: 3:17-cv-03743-VC |
|---|---|---|

5    BARBARA SUE SKLAR LIVING TRUST, Derivatively on Behalf of Nominal Defendant
6    SUNRUN INC.,

7                         Plaintiff,

8              v.

9    EDWARD FENSTER, RICHARD WONG, LESLIE DACH, LYNN JURICH, STEVEN
10   VASSALLO, GERALD RISK, KATHERINE AUGUST-DE WILDE AND ROBERT
11   PATRICK KOMIN, JR.,

12                         Defendants,
     and
13
     SUNRUN INC.,
14
                         Nominal Defendant.
15

Case No.: 3:17-cv-03743-VC

**AMENDED AND RESTATED
STIPULATION AND AGREEMENT
OF SETTLEMENT**
WITH PROPOSED CHANGES
Judge:        Hon. Vince Chhabria

16   LEONARD OLSEN, derivatively on behalf of
     SUNRUN INC.,
17
                         Plaintiff,
18
               v.
19
     LYNN JURICH, BOB KOMIN, PAUL
20   WINNOWSKI, LESLIE DACH, RICHARD
     WONG, STEVE VASSALLO, GERALD RISK,
21   EDWARD FENSTER, KATHERINE AUGUST-
     DEWILDE, and JAMESON MCJUNKIN,
22
                         Defendants,
23
               and
24
     SUNRUN INC.
25
                         Nominal Defendant.
26

Case No.: 3:19-cv-02109-VC

27

28

1

This Amended and Restated Stipulation and Agreement of Settlement (the "Stipulation"), dated June 28, 2019, hereby supersedes and replaces in its entirety the Stipulation and Agreement of Settlement, dated April 15, 2019, made and entered into by and among the following Settling Parties (as defined herein), each by and through their respective counsel: (i) Plaintiff Barbara Sue Sklar Living Trust in the above-captioned shareholder derivative action (the "*Sklar* Action") and Plaintiff Leonard Olsen in the above-captioned shareholder derivative action (the "*Olsen* Action") (collectively, the "Derivative Plaintiffs" and the "Derivative Actions"), derivatively on behalf of Sunrun Inc. ("Sunrun" or the "Company"); (ii) nominal defendant Sunrun; and (iii) defendants Edward Fenster, Richard Wong, Leslie Dach, Lynn Jurich, Steven Vassallo, Gerald Risk, Katherine August-deWilde, Robert Patrick Komin, Jr., Paul Winnowski, and Jameson McJunkin, current and former officers and directors of Sunrun (the "Individual Defendants," together with Sunrun, the "Derivative Defendants," and collectively with Derivative Plaintiffs, the "Settling Parties"). This Stipulation, subject to the approval of the United States District Court for the Northern District of California, San Francisco Division (the "Court"), is intended by the Settling Parties to fully, finally, and forever compromise, resolve, discharge, and settle the Derivative Actions and the Released Claims (as defined herein) and to result in the complete dismissal of the Derivative Actions with prejudice, upon the terms and subject to the conditions set forth herein, and without any admission or concession as to the merits of any of the Settling Parties' claims or defenses.

## I.     THE LITIGATION

### A.     The *Sklar* Action

On June 29, 2017, Plaintiff Sklar filed *Barbara Sue Sklar Living Trust v. Fenster et al.*, Case No. 3:17-cv-3743[1] in the United States District Court, Northern District of California, San Francisco Division, against the Company and certain of the Company's directors and officers. The

---

[1] The *Sklar* Action alleged that the wrongs complained of continued through to the present as Sunrun's internal controls remain deficient.

complaint generally alleged that the defendants violated Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act") by making false or misleading statements in connection with public filings, including proxy statements, made between September 10, 2015 and May 3, 2017 regarding the number of customers who cancelled contracts after signing up for the Company's home solar energy system.

### B.   The *Olsen* Action

In July 2017, Plaintiff Olsen made a demand pursuant to 8 *Del. C.* § 220 ("Section 220") to inspect certain of the Company's books and records related to the Company's account cancellations, including the accounting for, the disclosure of, and the metric used (the "220 Demand"). After negotiation regarding the validity and scope of the 220 Demand, Sunrun agreed to turn documents over to Plaintiff Olsen pending the execution of a confidentiality agreement. On October 9, 2017, the parties executed a confidentiality agreement, and on October 30, 2017, Plaintiff Olsen received a production of documents from Sunrun (the "220 Documents").

After reviewing the 220 Documents, on April 5, 2018, Plaintiff Olsen filed *Leonard Olsen v. Sunrun Inc. et al.*, Case No. 1:18-cv-00516-VAC-CJB in the United States District Court, District of Delaware, against the Company and certain of the Company's directors and officers. The complaint alleged that the defendants breached their fiduciary duties and violated Section 14(a) of the Exchange Act in connection with public statements made between September 16, 2015 and May 21, 2017 regarding the Company's cancellation rate and the incorporation of these cancellations into its performance metrics.  On April 19, 2019, the *Olsen* Action was transferred to the United States District Court for the Northern District of California, where it was assigned Case No. 3:19-cv-02109-VC and consolidated with the *Sklar* Action.

## II.   SETTLEMENT NEGOTIATIONS IN THE DERIVATIVE ACTIONS

Plaintiff Sklar and Plaintiff Olsen sent settlement demands on September 7, 2018 and October 2, 2018, respectively. In connection with those settlement demands, counsel for Derivative Plaintiffs and counsel for the Company engaged in extensive arm's-length discussions and

negotiations, both telephonically and in writing, concerning a possible settlement of the Derivative Actions based on certain governance changes.

After such arm's-length negotiations, counsel for the Derivative Plaintiffs and for the Derivative Defendants have reached an agreement concerning a proposed settlement of the Derivative Actions, the terms of which are set forth herein.

## III.   DERIVATIVE PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Derivative Plaintiffs believe that the claims asserted in the Derivative Actions have substantial merit and are settling the Derivative Actions only because they believe that a settlement of the Derivative Actions on the terms provided for in this Stipulation is fair, reasonable, and adequate and provides substantial benefits to the Company and its stockholders based upon the terms and procedures outlined herein.

Derivative Plaintiffs and their counsel recognize and acknowledge the significant expense and length of continued proceedings necessary to prosecute the Derivative Actions against the Derivative Defendants through trial and through possible appeals. Derivative Plaintiffs and their counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Derivative Actions, as well as the difficulties and delays inherent in such litigation. Derivative Plaintiffs' counsel is also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Derivative Actions.

Based upon the evaluation of Derivative Plaintiffs' counsel, as defined below, Derivative Plaintiffs have determined that the Settlement is in the best interests of Sunrun and its stockholders and have agreed to settle the Derivative Actions upon the terms and subject to the conditions set forth herein.

## IV.   DERIVATIVE DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

The Derivative Defendants enter into this Stipulation without in any way acknowledging any fault, liability, or wrongdoing of any kind. The Derivative Defendants continue to deny vigorously each and all of the claims and contentions alleged in the Derivative Actions and assert that all claims and contentions alleged in the Derivative Actions are completely without merit. The

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

Individual Defendants assert that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of the Company and its shareholders.  The Derivative Defendants are entering into the Stipulation solely because the Settlement would eliminate the burden, expense, and uncertainties inherent in further litigation. The Derivative Defendants believe that the settlement of the Derivative Actions on the terms provided for in this Stipulation is fair, reasonable, and adequate based upon the terms and procedures outlined herein.

Sunrun acknowledges that the initiation and prosecution of the Derivative Actions and discussions with Derivative Plaintiffs' counsel were a material cause of the adoption and implementation of the governance reforms described in Paragraph 2.1 of Section V, below, and that such reforms confer a substantial benefit on the Company.

As set forth in additional detail in Paragraph 8.4 of Section V, neither this Stipulation, nor any of its terms or provisions, nor entry of the Final Order and Judgment, nor any document or exhibit referred to in or attached to this Stipulation, nor any action taken to carry out this Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims, as described below, or an admission by or against the Derivative Defendants of any fault, wrongdoing, or concession of liability.

## V.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned counsel for the Settling Parties herein, in consideration of the benefits flowing to the parties from the Settlement, and subject to the approval of the Court pursuant to Rule 23.1 of the Federal Rules of Civil Procedure, that the claims asserted in the Derivative Actions and Released Claims shall be finally and fully compromised, settled, and released, and the Derivative Actions shall be dismissed with prejudice, upon and subject to the terms and conditions of the Stipulation, as set forth below.

**1.     Definitions**

As used in the Stipulation, the following terms have the meanings specified below:

1.1     "Board" means the Sunrun Board of Directors.

1.2    "Court" means the United States District Court for the Northern District of California, San Francisco Division.

1.3    "Current Sunrun Stockholders" means any Person who owned Sunrun common stock as of the date of the execution of the Stipulation and who continues to hold such Sunrun common stock as of the date of the Settlement Hearing, excluding the Individual Defendants, the officers and directors of Sunrun, members of their immediate families, and their legal representatives, heirs, successors, or assigns, and any entity in which the Individual Defendants have or had a controlling interest.

1.4    "Derivative Actions" means the shareholder derivative action filed in the United States District Court for the Northern District of California, San Francisco Division captioned *Barbara Sue Sklar Living Trust v. Sunrun Inc. et al.*, Case No. 17-cv-03743 and the shareholder derivative action filed in the United States District Court, District of Delaware captioned *Leonard Olsen v. Sunrun Inc. et al.*, Case No. 1:18-cv-00516-VAC-CJB, which was subsequently transferred to the United States District Court for the Northern District of California and assigned Case No. 3:19-cv-02109-VC.

1.5    "Derivative Defendants" means, collectively, nominal defendant Sunrun and the Individual Defendants.

1.6    "Derivative Plaintiffs" means, collectively, Barbara Sue Sklar Living Trust and Leonard Olsen.

1.7    "Derivative Plaintiffs' Counsel" means Bragar Eagel & Squire, P.C., Hynes & Hernandez, LLC, Lifshitz and Miller, LLP, and Reich Radcliffe & Hoover LLP.

1.8    "Effective Date" means the date by which the events and conditions specified in Paragraph 6.1 of Section V of the Stipulation have been met and have occurred.

1.9    "Final" means the date upon which the last of the following shall occur with respect to the Final Order and Judgment finally approving the Settlement set forth in this Stipulation and dismissing the Derivative Actions with prejudice, substantially in the form of Exhibit C, attached hereto: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal

1    Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the

2    expiration of the time in which to appeal the Judgment has passed without any appeal having been

3    taken, which date shall be deemed to be thirty (30) days following the entry of the Final Order and

4    Judgment, unless the date to take such an appeal shall have been extended by Court order or

5    otherwise, or unless the 30th day falls on a weekend or a Court holiday, in which case the date for

6    purposes of this Stipulation shall be deemed to be the next business day after such 30th day; and

7    (iii) if such motion to alter or amend is filed or if an appeal is taken, immediately after the

8    determination of that motion or appeal so that it is no longer subject to any further judicial review

9    or appeal whatsoever, whether by reason of affirmance by a court of last resort, lapse of time,

10   voluntary dismissal of the appeal or otherwise, and in such a manner as to permit the consummation

11   of the settlement in accordance with the terms and conditions of this Stipulation.  For purposes of

12   this paragraph, an "appeal" shall include any petition for a writ of certiorari or other writ that may

13   be filed in connection with approval or disapproval of this Settlement, but shall not include any

14   appeal that concerns only the issue of the Fee and Expense Award, as defined herein.

15           1.10    "Final Order and Judgment" means the order and judgment to be rendered by the

16   Court, substantially in the form attached hereto as Exhibit C.

17           1.11    "Individual Defendants" means, collectively, Edward Fenster, Richard Wong, Leslie

18   Dach, Lynn Jurich, Steven Vassallo, Gerald Risk, Katherine August-deWilde, Robert Patrick

19   Komin, Jr., Paul Winnowski, and Jameson McJunkin.

20           1.12    "Notice" means the Notice of Pendency and Proposed Settlement of Shareholder

21   Derivative Actions, substantially in the form attached hereto as Exhibit B.

22           1.13    "Sunrun" or the "Company" means nominal defendant Sunrun Inc., including, but

23   not limited to its predecessors, successors, partners, joint venturers, subsidiaries, affiliates, divisions

24   and assigns.

25           1.14    "Person" means an individual, corporation, limited liability corporation, professional

26   corporation, partnership, limited partnership, limited liability partnership, association, joint stock

27   company, estate, legal representative, trust, unincorporated association, government, or any political

28

subdivision or agency thereof and any business or legal entity and their spouses, heirs, predecessors, successors, representatives, or assignees.

1.15    "Related Persons" means each and any of the Settling Parties' past, present, or future agents, officers, directors, employees, attorneys, accountants, auditors, advisors, insurers, co-insurers, reinsurers, spouses, immediate family members, heirs, beneficiaries, executors, personal and legal representatives, estates, administrators, trusts, trustees, partnerships and partners, predecessors, successors, parents, subsidiaries, divisions, affiliates, and assigns or other individual or entity in which any Settling Party has a controlling interest, and each and all of their respective past, present, or future agents, officers, directors, employees, attorneys, accountants, auditors, advisors, insurers, co-insurers, re-insurers, spouses, immediate family members, heirs, beneficiaries, executors, personal and legal representatives, estates, administrators, trusts, trustees, partnerships and partners, predecessors, successors, parents, subsidiaries, divisions, affiliates, and assigns.

1.16    "Released Claims" shall collectively mean any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law (including "Unknown Claims," as defined below) that have been alleged or asserted or could have been alleged or asserted in any pleading or forum by any of the Derivative Plaintiffs (or any other Sunrun stockholder derivatively on behalf of Sunrun), Sunrun, or any of the Derivative Plaintiffs' Counsel against any Released Person based upon or arising from, or relating in any way whatsoever to (i) any of the claims, facts, events, transactions, occurrences, acts, disclosures, statements, alleged omissions or failures to act, or any other circumstance alleged, set forth, or referred to by Derivative Plaintiffs in the Derivative Actions or that could have been alleged in the Derivative Actions, or (ii) the settlement of the Derivative Actions, including the payments provided for in this Stipulation, and the reasonable attorneys' fees, cost, and expenses incurred in defense thereof. Excluded from the term Released Claims are all claims, rights, or causes of action or liabilities whatsoever related to the enforcement of the

Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the courts in connection with this Settlement.

1.17 "Released Persons" means, collectively, each and all of the Derivative Defendants and their Related Persons. "Released Person" means, individually, any of the Released Persons.

1.18 "Releasing Parties" means, collectively, Derivative Plaintiffs, any other Sunrun stockholder (in his or her individual capacity or derivatively on behalf of Sunrun), Sunrun, and Derivative Plaintiffs' Counsel. "Releasing Party" means, individually, any of the Releasing Parties.

1.19 "Settlement" means the settlement and compromise of the Derivative Actions as provided for in this Stipulation.

1.20 "Settlement Hearing" means the hearing or hearings at which the Court will review the adequacy, fairness, and reasonableness of the Settlement.

1.21 "Settling Parties" means, collectively, each and all of the Derivative Plaintiffs and Derivative Defendants.  Settling Party" means, individually, any of the Settling Parties.

1.22 "Unknown Claims" means any Released Claim(s) that any Releasing Party or any of their Related Persons do not know of or suspect to exist in his, her, or its favor at the time of the release of the Released Persons, including claims that, if known by him, her, or it, might have affected his, her, or its settlement with and release of the Released Persons or might have affected his, her, or its decision whether to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Releasing Parties and their Related Persons shall expressly waive and relinquish, and each Current Sunrun Stockholder shall be deemed to have and by operation of the Final Order and Judgment shall have expressly waived and relinquished to the fullest extent permitted by law, the provisions, rights and benefits conferred by and under California Civil Code § 1542, and any other law of the United States or any state or territory of the United States, or principle of common law, which is similar, comparable or equivalent to California Civil Code § 1542, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> THAT THE CREDITOR OR RELEASING PARTY DOES NOT

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

> KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasing Parties acknowledge that they and Current Sunrun Stockholders may hereafter discover facts in addition to or different from those now known or believed to be true by them, with respect to the subject matter of the Released Claims, but it is the intention of the Settling Parties that the Releasing Parties, their Related Persons, and all Current Sunrun Stockholders shall be deemed to and by operation of the Final Order and Judgment shall completely, fully, finally, and forever compromise, settle, release, discharge, and extinguish any and all Released Claims, known or unknown, suspected or unsuspected, contingent or absolute, accrued or unaccrued, apparent or unapparent, which do now exist, or heretofore existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, and without regard to the subsequent discovery of additional or different facts.  The Settling Parties acknowledge that the foregoing waiver was separately bargained for and is a key element of the Stipulation of which this release is a part.

## 2.    Settlement Terms

2.1    In consideration for a full settlement and release of the Released Claims, the Company shall within 30 days after the entry of the Final Order and Judgment undertake, the following actions:

1) The Board will have annually no less than four regularly scheduled meetings, at each of which the Board will review and discuss management reports on the performance of the Company, the Company's plans and prospects, and other issues facing the Company.

2) On a periodic basis, a member of the Company's executive team will present the Board with information regarding customer experiences (*i.e.,* information regarding factors that may be affecting customer satisfaction with the Company).

3)  The Company will agree to include "diversity" among the factors considered when evaluating potential candidates to fill Board vacancies.

4)  The Nominating and Corporate Governance ("N&CG") Committee Charter will be amended to provide that the N&CG Committee will evaluate the participation of Board members in orientation and continuing education activities in accordance with applicable listing standards and the Company's Corporate Governance Guidelines.

5)  The N&CG Committee Charter will be amended to provide that the findings of the N&CG Committee's annual corporate governance evaluation will be reviewed with the full Board.

6)  The Board will continue to schedule regular, separate meeting times for independent directors without management (*i.e.*, "closed sessions"). Such closed sessions will continue to be held following regularly scheduled meetings of the Board and at such other times as requested by an independent director. The Lead Independent Director shall preside at closed sessions. Should the independent directors believe a closed session is not necessary following a regularly scheduled Board meeting, a statement noting this will be entered in the Board meeting minutes.

2.2    Sunrun shall not revoke or amend in any material manner the reforms described in Paragraph 2.1 of Section V for five years, provided, however, that any reform can be altered or removed by the affirmative vote of a majority of the independent directors of the Board, upon determining, in good faith, that such measure conflicts or is substantially redundant with any law, regulation, or rule (including rules of the NASDAQ or other exchange or quotation system) or conflicts with or is substantially redundant with any amendment to Sunrun's articles of incorporation or bylaws.

**3.      Releases**

3.1      Upon the Effective Date, the Releasing Parties, their Related Persons, and anyone making claims through or on behalf of any of them shall be deemed to, and by operation of the Final Order and Judgment shall, have fully, finally, and forever released, relinquished, and discharged any and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons and any and all claims arising out of~~, relating to,~~ or in connection with the defense, settlement, or resolution of the Derivative Actions against the Released Persons.

3.2      Upon the Effective Date, each of the Derivative Defendants and their Related Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Derivative Plaintiffs and Derivative Plaintiffs' Counsel from all claims (including any claims related to Unknown Claims), arising out of~~, relating to~~, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

3.3      Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

**4.      Approval and Notice**

4.1      By June 28, 2019, or any other date ordered by the Court, the Settling Parties shall submit the Stipulation, together with its exhibits, to the Court and shall apply for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting: (i) preliminary approval of the Settlement set forth in the Stipulation; (ii) approval of the form and manner of providing notice of the Settlement to Current Sunrun Shareholders; and (iii) a date for the Settlement Hearing.

4.2      Notice of the Settlement to Current Sunrun Stockholders shall include the Notice, which includes the general terms of the Settlement set forth in the Stipulation and the date of the Settlement Hearing, substantially in the form attached hereto as Exhibit B.

4.3      The Company shall be responsible for providing notice of the Settlement to the Company's current stockholders (as of the date of the Notice) by: (i) causing the Notice to be published once in *Investors' Business Daily*; (ii) posting a link to the Notice together with links

to the Stipulation and the exhibits to the Stipulation on the investor relations section of Sunrun's corporate website, and (iii) by such other means required by the Court. The Company or its successors shall pay all costs and expenses incurred in providing Notice of the Settlement to the Current Sunrun Stockholders.

4.4    The Parties shall request that the Court hold the Settlement Hearing after Notice is provided to Current Sunrun Stockholders to finally approve the Settlement.

4.5    If any action is currently pending or is later filed in any court of law or equity, arbitration tribunal, or administrative forum asserting claims that are related to the subject matter of the Derivative Actions or any Released Claim prior to final Court approval of the proposed Settlement, Derivative Plaintiffs and their counsel shall cooperate with and use their best efforts to assist Derivative Defendants in obtaining the dismissal or withdrawal of such related litigation, including where appropriate filing or joining in any motion to stay or dismiss such litigation.

4.6    If the Court approves the Settlement at the Settlement Hearing, the Settling Parties shall jointly request entry of the Final Order and Judgment by the Court, the entry of which is a condition of this Stipulation: (i) approving finally the Settlement set forth in the Stipulation as fair, adequate, and reasonable, within the meaning of Rule 23.1 of the Federal Rules of Civil Procedure, and directing its consummation pursuant to its terms; (ii) dismissing with prejudice, and without costs, all of Derivative Plaintiffs' Released Claims against the Derivative Defendants and releasing the Released Persons from the Released Claims; (iii) finally approving the Fee and Expense Award and Incentive Award(s) (as defined below); (iv) reserving jurisdiction over the Derivative Actions, including all future proceedings concerning the administration, consummation and enforcement of this Stipulation; and (v) containing such other and further provisions consistent with the terms of this Stipulation.

## 5.    Attorneys' Fees and Reimbursement of Expenses

5.1    Derivative Defendants agree that the Settlement provides a substantial benefit to Sunrun and to Current Sunrun Stockholders, and Sunrun's insurer has, on behalf of all Derivative Defendants, agreed to pay or cause to be paid the amount of attorneys' fees and expenses of

$280,000.00 (the "Fee and Expense Award"). After negotiating the corporate governance measures to be instituted by Sunrun in connection with the Settlement of the Derivative Actions, the Settling Parties engaged in good faith, arm's-length negotiations regarding the amount of attorneys' fees and expenses to be paid to Derivative Plaintiffs' Counsel. Derivative Plaintiffs and Derivative Plaintiffs' Counsel agree that they will not seek attorneys' fees and expenses that exceed the maximum total amount of $280,000.00. Derivative Defendants shall take no position with respect to any award of fees and expenses that the Court may make so long as the total amount of such fees and expenses does not exceed $280,000.00.

5.2     The Company shall cause its insurer to pay the Fee and Expense Award into an escrow account controlled by Bragar Eagel & Squire, P.C. (the "Bragar Firm") within thirty (30) calendar days of (i) the entry of an order from the reviewing Court preliminarily approving the Settlement, or (ii) the date on which Derivative Plaintiffs' Counsel provides sufficient written payment instructions to Defendants' Counsel, whichever is later, and shall be immediately releasable upon entry of an order granting final approval of the Settlement and approving the fees and expenses, notwithstanding the existence of any collateral attacks on the Settlement, including without limitation, any objections or appeals. Payment in accordance with the instructions provided by Derivative Plaintiffs' Counsel shall fully and completely discharge the obligations of Derivative Defendants to pay any fees awarded by the Court. The Individual Defendants and their Related Persons shall have no obligation to pay or cause to be paid any fees, costs, expenses, taxes, interest, awards, or other amounts pursuant to this Stipulation and the Settlement set forth herein (including any portion of the Fee and Expense Award determined pursuant to Paragraph 5.1 of Section V). Derivative Plaintiffs' Counsel will determine amongst themselves how the Fee and Expense Award is to be allocated, and Derivative Defendants will not object to such allocation or take any responsibility for such allocations.

5.3     Derivative Plaintiffs' Counsel shall be obligated to make refunds or repayment of such applicable amount received to the Company (or any successor entity) if any specified condition to the Settlement is not satisfied or, as a result of any appeal and/or further proceedings

on remand, or successful collateral attack, the Court's approval of the Settlement is reversed or the releases granted to the Released Persons are materially modified, any dismissal order is reversed, or the Fee and Expense Award is reduced or reversed, or the Effective Date for any reason does not occur. In the event the Settlement is not approved, or is terminated, cancelled, or fails to become effective for any reason, including, without limitation, in the event the Order and Final Judgment is reversed or vacated or materially attacked, within ten (10) business days after written notification is sent by Defendants' Counsel, the Bragar Firm shall refund the Fee and Expense Award to Defendants and/or their insurer(s) by wire transfer in accordance with the instructions to be provided by Defendants' counsel.

5.4     The procedure for and the allowance or disallowance by the Court of any Fee and Expense Award is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceedings relating to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Final Order and Judgment approving the Stipulation and the Settlement set forth therein (including the releases contained therein).

5.5     Derivative Plaintiffs' Counsel may apply for a proposed incentive award for each named plaintiff, not to exceed $1,000.00 in recognition of the substantial benefits they have helped to create for all Current Sunrun Stockholders (the "Incentive Awards").  Any Incentive Awards approved by the Court shall be funded from the portion of the Fee and Expense Award distributed to the Derivative Plaintiffs' Counsel. Derivative Defendants and/or their counsel shall take no position on the Incentive Awards.

**6.      Conditions of Settlement; Effect of Disapproval, Cancellation or Termination**

6.1     The Effective Date of this Stipulation shall be conditioned on the occurrence of all the following events:

(a)      preliminary approval of the Settlement and approval of the method of providing the Notice to Current Sunrun Stockholders by the Court;

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

1       (b)     dissemination of the notice of the Settlement to Current Sunrun

2 Stockholders, as set forth in Paragraph 4.3 of Section V;

3       (c)     entry of the Final Order and Judgment, in all material respects in the form

4 set forth as Exhibit C annexed hereto, approving the Settlement without awarding costs to any

5 party, except as provided herein;

6       (d)     the judgment becoming Final, as defined in Paragraph 1.10 of Section V.

7       6.2     If any of the conditions of Paragraph 6.1 of Section V are not met, then the

8 Stipulation shall be canceled and terminated subject to Paragraph 6.3 of Section V, unless counsel

9 for the Settling Parties mutually agree in writing to proceed with the Stipulation.  The failure of the

10 Court to approve the Fee and Expense Award or the Incentive Award(s), in whole or in part, shall

11 have no effect on the Settlement set forth in this Stipulation.

12       6.3     If for any reason the Effective Date of the Stipulation does not occur, or if the

13 Stipulation is in any way canceled, terminated, or fails to become Final in accordance with its

14 terms: (i) all Settling Parties and Released Persons shall be restored to their respective positions in

15 the Derivative Actions as of the date of the execution of this Stipulation; (ii) all releases delivered

16 in connection with the Stipulation shall be null and void, except as otherwise provided for in the

17 Stipulation; (iii) any portion of the Fee and Expense Award that has been paid to Derivative

18 Plaintiffs' Counsel and shall be refunded and returned to the Company within fifteen (15) business

19 days, as provided in Paragraph 5.3 of Section V; and (iv) all negotiations, proceedings, documents

20 prepared, and statements made in connection herewith shall be without prejudice to the Settling

21 Parties, shall not be deemed or construed to be an admission by a Settling Party of any act, matter,

22 or proposition, and shall not be used in any manner for any purpose in the Derivative Actions or in

23 any other action or proceeding. In such event, the terms and provisions of the Stipulation shall

24 have no further force and effect with respect to the Settling Parties and shall not be used in the

25 Derivative Actions or in any other proceeding for any purpose.

26

27

28

AMENDED AND RESTATED STIPULATION OF SETTLEMENT

**7.     Bankruptcy**

7.1     In the event any proceedings by or on behalf of Sunrun, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including an act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Settling Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

7.2     In the event of any Bankruptcy Proceedings by or on behalf of Sunrun, the Settling Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases and approvals from the Bankruptcy Court to carry out the terms and conditions of the Stipulation.

**8.     Miscellaneous Provisions**

8.1     The Settling Parties (i) acknowledge that it is their intent to consummate this Stipulation and Settlement, and (ii) agree to cooperate and act in good faith to take all reasonable and necessary steps to expeditiously implement the terms and conditions of the Stipulation.

8.2     In the event that any non-material part of the Settlement is found to be unlawful, void, unconscionable, or against public policy by a court of competent jurisdiction, the remaining terms and conditions of the Settlement shall remain intact.

8.3     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between them with respect to the Derivative Actions. The Settlement comprises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, allegation, or defense. The Settling Parties and their respective counsel agree that at all times during the course of the litigation, each has complied with the requirements of the applicable laws and rules of the Court, including, without limitation, Rule 11 of the Federal Rules of Civil Procedure and any similar provision of federal or state law.

8.4     Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including any orders or judgments entered in

connection with this Stipulation or the Settlement) is, or shall be construed as, an admission, presumption or concession by Derivative Defendants or their Related Persons, or as evidence of the truth of any of the allegations in the Derivative Actions, of the validity of any Released Claim, or of any liability, fault, culpability, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of or an admission, presumption, or concession that any of the Releasing Parties or any of their Related Persons have suffered any damages, harm, or loss. Neither this Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it (including any orders or judgments entered in connection with this Stipulation or the Settlement), shall be referred to, offered as evidence, or received in evidence in any pending or future civil, criminal, or administrative action or proceeding, except (a) in a proceeding to enforce this Stipulation, (b) in any action that may be brought against the Released Persons to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (c) as otherwise required by law.

8.5    The Stipulation may be modified or amended only by a writing signed by all of the signatories hereto.

8.6    The Stipulation shall be deemed drafted equally by all parties hereto and their counsel after good-faith, arm's-length negotiation. No inference shall be had or made against any party as to the draftsmanship of this Stipulation.

8.7    No representations, warranties, or inducements have been made to any of the parties concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

8.8    Each Derivative Plaintiff and his, her, or its counsel represent and warrant that (i) the plaintiff is a Company stockholder and has been at all relevant times and (ii) none of the plaintiff's claims or causes of action referred to in the Derivative Actions, or any claims the

Derivative Plaintiffs could have alleged, have been assigned, encumbered, or in any manner transferred in whole or in part.

8.9     Each counsel or other person executing the Stipulation or its exhibits on behalf of any of the Settling Parties hereby warrants that such person has the full authority to do so.

8.10    The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.11    This Stipulation and the exhibits attached hereto constitute the entire agreement among the Settling Parties with respect to the subject matter hereof and supersede all prior and contemporaneous oral and written agreements and discussions.

8.12    In the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit hereto, the terms of this Stipulation shall prevail.

8.13    Any planned, proposed, or actual sale, merger, or change-in-control of Sunrun shall not void this Stipulation. The Stipulation will run to the Settling Parties' respective successors-in-interest. In the event of a planned, proposed, or actual sale, merger or change-in-control of Sunrun, the Settling Parties will continue to seek court approval of the settlement expeditiously.

8.14    The Stipulation and Settlement shall be governed by, and construed in accordance with, the laws of the State of California without regard to conflict of laws principles.

8.15    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and the Settling Parties and their counsel submit to the jurisdiction of the Court solely for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

8.16    The Stipulation and Settlement may be executed in counterparts by facsimile, email, or original signature by any of the signatories hereto and as so executed shall constitute one agreement.

8.17    This Stipulation shall be binding upon and shall inure to the benefit of the Settling Parties and their respective agents, successors, heirs, and assigns.

19
AMENDED AND RESTATED STIPULATION OF SETTLEMENT

1   8.18   Pending final determination of whether the Settlement should be approved, all
2   proceedings and all further activity between the Settling Parties regarding or directed toward the
3   Derivative Actions, save for those activities and proceedings relating to this Stipulation and the
4   Settlement, shall be stayed.

5   8.19   Derivative Plaintiffs and their counsel agree to not issue any press release or make
6   any public announcement relating to the Derivative Actions or this Stipulation without the prior
7   consent of the Company, except with respect to any pleadings submitted to the Court in the
8   Derivative Actions, any Notice approved by the Court, or as otherwise required by any law or
9   Order of the Court.

10   8.20   All agreements during the course of the Derivative Actions and/or the 220 Demand
11   regarding the confidentiality of information shall survive this Stipulation.

12   IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed,
13   by their duly authorized attorneys.

14   AGREED and entered into on this 28th day of June, 2019.

LIFSHITZ & MILLER LLP

Joshua M. Lifshitz

821 Franklin Avenue, Suite 209
Garden City, NY 11530
Telephone:   516/493-9780
Facsimile:   516/280-7376
jml@jlclasslaw.com

*Attorneys for Plaintiff Barbara Sue Sklar Living Trust*

20
AMENDED AND RESTATED STIPULATION OF SETTLEMENT

BRAGAR EAGEL & SQUIRE P.C.


_____
                Melissa A. Fortunato

885 Third Avenue, Suite 3040
New York, NY 10022
Telephone:     212.355.4648
Facsimile:     212.486.0462
fortunato@bespc.com

HYNES & HERNANDEZ LLC
Michael J. Hynes
Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone:     484.875.3116
Facsimile:     484.875.9273
mhynes@hh-lawfirm.com
lhernandez@hh-lawfirm.com

*Attorneys for Plaintiff Leonard Olsen*

FENWICK & WEST LLP



_____
                Susan S. Muck

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350
smuck@fenwick.com

*Attorneys for Defendants Edward Fenster, Richard Wong, Leslie Dach, Lynn Jurich, Steven Vassallo, Gerald Risk, Katherine August-deWilde, Robert Patrick Komin, Jr., Paul Winnowski, and Jameson McJunkin, and Nominal Defendant Sunrun Inc.*

BRAGAR EAGEL & SQUIRE P.C.

_____
Melissa A. Fortunato

885 Third Avenue, Suite 3040
New York, NY 10022
Telephone:    212.355.4648
Facsimile:     212.486.0462
fortunato@bespc.com

HYNES & HERNANDEZ LLC
Michael J. Hynes
Ligaya T. Hernandez
101 Lindenwood Drive, Suite 225
Malvern, PA 19355
Telephone:    484.875.3116
Facsimile:     484.875.9273
mhynes@hh-lawfirm.com
lhernandez@hh-lawfirm.com

*Attorneys for Plaintiff Leonard Olsen*

FENWICK & WEST LLP

_____
Susan S. Muck

555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    (415) 875-2300
Facsimile:     (415) 281-1350
smuck@fenwick.com

*Attorneys for Defendants Edward Fenster, Richard Wong, Leslie Dach, Lynn Jurich, Steven Vassallo, Gerald Risk, Katherine August-deWilde, Robert Patrick Komin, Jr., Paul Winnowski, and Jameson McJunkin, and Nominal Defendant Sunrun Inc.*

21

1
2
3
4

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

5

6
7
8
9
10
11
12
13
14
15
16

BARBARA SUE SKLAR LIVING TRUST,
Derivatively on Behalf of Nominal Defendant
SUNRUN INC.,

          Plaintiff,

     v.

EDWARD FENSTER, RICHARD WONG,
LESLIE DACH, LYNN JURICH, STEVEN
VASSALLO, GERALD RISK, KATHERINE
AUGUST-DE WILDE AND ROBERT
PATRICK KOMIN, JR.,

          Defendants,

and

SUNRUN INC.,

          Nominal Defendant.

Case No.: 3:17-cv-03743-VC

**EXHIBIT B:  NOTICE OF PENDENCY
AND PROPOSED SETTLEMENT
OF STOCKHOLDER DERIVATIVE
ACTIONS** WITH PROPOSED CHANGES

17
18
19
20
21
22
23
24
25
26
27
28

LEONARD OLSEN, derivatively on behalf of
SUNRUN INC.,

          Plaintiff,

     v.

LYNN JURICH, BOB KOMIN, PAUL
WINNOWSKI, LESLIE DACH, RICHARD
WONG, STEVE VASSALLO, GERALD RISK,
EDWARD FENSTER, KATHERINE AUGUST-
DEWILDE, and JAMESON MCJUNKIN,

          Defendants,

     and

SUNRUN INC.

          Nominal Defendant.

Case No.: 3:19-cv-02109-VC

1

1
2

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT
OF STOCKHOLDER DERIVATIVE ACTIONS**

3
4

**TO:    ALL CURRENT RECORD OR BENEFICIAL OWNERS OF
SUNRUN INC. SECURITIES AS OF  JUNE 28, 2019:**

5
6
7

**PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.   IT
CONTAINS IMPORTANT INFORMATION ABOUT YOUR LEGAL RIGHTS.   THIS
NOTICE RELATES TO A PROPOSED SETTLEMENT OF STOCKHOLDER
DERIVATIVE ACTIONS (THE "DERIVATIVE ACTIONS"), AND CLAIMS ASSERTED
ON BEHALF OF SUNRUN INC. ("SUNRUN" OR THE "COMPANY").**

8
9
10

**IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE
DERIVATIVE ACTIONS, STOCKHOLDERS OF SUNRUN WILL BE FOREVER
BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT
AND FROM PURSUING THE RELEASED CLAIMS.**

11
12

**THESE ACTIONS ARE NOT CLASS ACTIONS.   THUS, THERE IS NO
COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY
PAYMENT.**

13
14

**PURPOSE OF THIS NOTICE**

15
16
17
18
19
20

This Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions (the "Notice") is provided to Current Sunrun Stockholders pursuant to an order of the United States District Court for the Northern District of California (the "Court"). This is not a solicitation from a lawyer. The Court has not determined the merits of Derivative Plaintiffs' claims or Derivative Defendants' defenses. By this Notice, the Court does not express any opinion as to the merits of any claim or defense asserted by any party in the Derivative Actions.

21
22
23

The purpose of this Notice is to advise you that, pursuant to the Court's Preliminary Approval Order,[1] a hearing will be held on _____ 2019, at ___:___ a./p.m., before the Honorable Vince Chhabria or such other judge as may be sitting in his place and stead, at the San

24
25
26

_____

[1]  The capitalized terms used in this Notice and not otherwise defined herein shall have the same meaning as in the Amended and Restated Stipulation and Agreement of Settlement (the "Stipulation") dated June 28, 2019, which is available at the investor relations section of Sunrun's website at http://www.sunrun.com.

27

2

28

1    Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 (or at

2    such a date and time as the Court may direct without further notice) (the "Settlement Hearing") to

3    determine: (i) whether the terms of a proposed settlement (the "Settlement") of the Derivative

4    Actions described below is fair, reasonable, adequate, and in the best interests of Sunrun; (ii)

5    whether this Notice fully satisfies the requirements of Rule 23.1 of the Federal Rules of Civil

6    Procedure and due process; (iii) whether the Final Order and Judgment should be entered

7    dismissing the above-captioned matter with prejudice, releasing the Released Persons from the

8    Released Claims; (iv) whether the amount of attorneys' fees and expenses to be awarded to

9    Derivative Plaintiffs' Counsel is fair and reasonable; and (v) any other matters that come before

10   the Court. You have an opportunity to be heard at this hearing.

11        The Court may adjourn the Settlement Hearing by oral or other announcement at such

12   hearing or make any other adjournment without further notice of any kind. The Court may approve

13   the Settlement with or without modification, enter the Final Order and Judgment, and order the

14   payment of the Fee and Expense Award without further notice of any kind.

15        The terms and conditions of the proposed Settlement are summarized in this Notice and set

16   forth in full in the Stipulation.

17   I.    BACKGROUND OF THE DERIVATIVE ACTIONS

18        A.    The *Sklar* Action

19        On June 29, 2017, Plaintiff Sklar filed *Barbara Sue Sklar Living Trust v. Fenster et al.*,

20   Case No. 3:17-cv-3743 in the United States District Court, Northern District of California, San

21   Francisco Division, against the Company and certain of the Company's directors and officers. The

22   complaint generally alleged that the defendants violated Section 14(a) of the Exchange Act by

23   making false or misleading statements in connection with public filings, including proxy

24   statements, made between September 10, 2015 and May 3, 2017 regarding the number of

25   customers who cancelled contracts after signing up for the Company's home solar energy system.

26

27                                          3

28

**B.      The *Olsen* Action**

In July 2017, Plaintiff Olsen made a demand pursuant to 8 *Del. C.* § 220 ("Section 220") to inspect certain of the Company's books and records related to the Company's account cancellations, including the accounting for, the disclosure of, and the metric used for such cancellations (the "220 Demand"). After negotiation regarding the validity and scope of the 220 Demand, Sunrun agreed to turn documents over to Plaintiff Olsen pending the execution of a confidentiality agreement. On October 9, 2017, the parties executed a confidentiality agreement, and on October 30, 2017, Plaintiff Olsen received a production of documents from Sunrun (the "220 Documents").

After reviewing the 220 Documents, on April 5, 2018, Plaintiff Olsen filed *Leonard Olsen v. Sunrun Inc. et al.,* Case No. 1:18-cv-00516-VAC-CJB in the United States District Court, District of Delaware, against the Company and certain of the Company's directors and officers. The complaint alleged that the defendants breached their fiduciary duties and violated Section 14(a) of the Exchange Act in connection with public statements made between September 16, 2015 and May 21, 2017 regarding the Company's cancellation rate and the incorporation of these cancellations into its performance metrics.  Pursuant to the terms of the Stipulation, the Settling Parties transferred the *Olsen* Action to the United States District Court for the Northern District of California and the Court consolidated the *Sklar* and *Olsen* Actions.

**II.     SETTLEMENT NEGOTIATIONS AND STATUS OF THE DERIVATIVE ACTIONS**

Counsel for Sunrun and for the Derivative Plaintiffs have engaged in extensive arm's-length discussions and negotiations, both telephonically and in writing, concerning a possible settlement of the Derivative Actions based on certain corporate governance reforms.

4

After such arm's-length negotiations, Derivative Plaintiffs' Counsel and counsel for the Derivative Defendants reached an agreement concerning a proposed settlement of the Derivative Actions, the terms of which are set forth in the Stipulation (and summarized herein).

As a result of this agreement, the Settling Parties moved to stay all proceedings in the Derivative Actions, except for settlement-related proceedings, pending final approval of the Settlement by the Court.

## III.   SUMMARY OF THE SETTLEMENT TERMS

The terms and conditions of the proposed Settlement are set forth fully in Section V of the Stipulation.  The following is only a summary of its terms.

Pursuant to the Settlement of the Derivative Actions, Sunrun has or shall within 30 days after the Court's entry of the Final Order and Judgment implement certain corporate governance reforms.  Specifically, Sunrun has made or will make the following changes to the Company's policies and procedures, which will serve to improve the Company's compliance with applicable laws and regulations, and enhance Board oversight of the Company's compliance function:

a.    At least Four (4) Board Meetings Per Year:  The Board of Sunrun will have annually no less than four regularly scheduled meetings, at each of which the Board will review and discuss management reports on the performance of the Company, the Company's plans and prospects, and other issues facing the Company.

b.    Customer Experience Presentations to Board:  On a periodic basis, a member of the Company's executive team will present the Board with information regarding customer experiences (i.e., information regarding factors that may be affecting customer satisfaction with the Company).

c.    Improvements to Board Diversity:  The Company will agree to include "diversity" among the factors considered when evaluating potential candidates to fill Board vacancies.

d.    Board Continuing Education Improvements:    The Nominating and Corporate Governance ("N&CG") Committee Charter will be amended to provide that the N&CG Committee

will evaluate the participation of members of the Board in orientation and continuing education activities in accordance with applicable listing standards and the Company's Corporate Governance Guidelines.

e.      Corporate Governance Review by Full Board:  The N&CG Committee Charter will be amended to provide that the findings of the N&CG Committee's annual corporate governance evaluation will be reviewed with the full Board.

f.      "Closed Session" Meetings of Independent Directors:  The Board will continue to schedule regular, separate meeting times for independent directors without management (*i.e.*, "closed sessions"). Such closed sessions will continue to be held following regularly scheduled meetings of the Board and at such other times as requested by an independent director. The Lead Independent Director shall preside at closed sessions. Should the independent directors believe a closed session is not necessary following a regularly scheduled Board meeting, a statement noting this will be entered in the Board meeting minutes.

These reforms shall remain in effect for no less than five (5) years from the Effective Date of the Settlement, provided, however, that any reform can be altered or removed by the affirmative vote of a majority of the independent directors of the Board, upon determining, in good faith, that such measure conflicts or is substantially redundant with any law, regulation, or rule (including rules of the NASDAQ or other exchange or quotation system) or conflicts with or is substantially redundant with any amendment to Sunrun's articles of incorporation or bylaws.

These changes and enhancements were made, in material part, to augment the Board's oversight and address certain matters alleged or asserted in the Derivative Actions.

## IV.      RELEASE AND DISMISSAL

The Settlement calls for the Releasing Parties, including Derivative Plaintiffs (on behalf of themselves, all Current Sunrun Stockholders and, derivatively, on behalf of Sunrun), their Related Persons, and anyone making claims through or on behalf of any of them, to release any and all of the Released Claims against each and all of the Released Persons, as defined in the Stipulation.

6

The term "Released Claims" shall collectively mean any and all claims and causes of action of every nature and description whatsoever, whether known or unknown, whether arising under federal, state, common or foreign law (including "Unknown Claims," as defined below) that have been alleged or asserted or could have been alleged or asserted in any pleading or forum by any of the Derivative Plaintiffs (or any other Sunrun stockholder derivatively on behalf of Sunrun), Sunrun, or any of the Derivative Plaintiffs' Counsel against any Released Person based upon or arising from, or relating in any way whatsoever to (i) any of the claims, facts, events, transactions, occurrences, acts, disclosures, statements, alleged omissions or failures to act, or any other circumstance alleged, set forth, or referred to by Derivative Plaintiffs in the Derivative Actions or that could have been alleged in the Derivative Actions, or (ii) the settlement of the Derivative Actions, including the payments provided for in this Stipulation, and the reasonable attorneys' fees, cost, and expenses incurred in defense thereof.

Excluded from the term Released Claims are all claims, rights, or causes of action or liabilities whatsoever related to the enforcement of the Settlement, including, without limitation, any of the terms of this Stipulation or orders or judgments issued by the courts in connection with this Settlement.

Should the Court approve the Settlement and enter the Final Order and Judgment in the Derivative Actions, all of Derivative Plaintiffs' Released Claims against the Derivative Defendants shall be dismissed with prejudice and the Released Persons shall be released from the Released Claims.

## V.   DERIVATIVE PLAINTIFFS COUNSEL'S POSITION CONCERNING SETTLEMENT

Derivative Plaintiffs' Counsel believe that the claims asserted in the Derivative Actions have substantial merit yet support settling the Derivative Actions because they believe that a settlement of the Derivative Actions on the terms provided for in the Stipulation is fair, reasonable, and adequate and provides substantial benefits to the Company and Current Sunrun Stockholders

7

based upon the terms and procedures outlined therein (and summarized herein).

Derivative Plaintiffs' Counsel have also taken into account the uncertain outcome and the risk of any litigation, especially in complex cases such as the Derivative Actions, as well as the difficulties and delays inherent in such litigation. Derivative Plaintiffs' Counsel are also mindful of the inherent problems of proof and the possible defenses to the claims alleged in the Derivative Actions.

## VI.  DERIVATIVE DEFENDANTS' POSITION CONCERNING SETTLEMENT

Derivative Defendants have denied, and continue to deny, any fault, liability, or wrongdoing of any kind.  The Derivative Defendants continue to deny vigorously each and all of the claims and contentions alleged in the Derivative Actions and assert that all claims and contentions alleged in the Derivative Actions are completely without merit. The Individual Defendants assert that at all relevant times, they acted in good faith and in a manner they reasonably believed to be in the best interests of the Company and Current Sunrun Stockholders.

Derivative Defendants entered into the Stipulation solely because the Settlement would eliminate the burden, expense, and uncertainties inherent in further litigation. Derivative Defendants believe that the settlement of the Derivative Actions on the terms provided for in the Stipulation is fair, reasonable, and adequate based upon the terms and procedures outlined therein.

Sunrun acknowledges that the initiation and prosecution of the Derivative Actions and discussions with Derivative Plaintiffs' Counsel were a material cause of the adoption and implementation of the governance reforms described in the Stipulation, and that such reforms confer a substantial benefit on the Company.

As set forth in additional detail in the Stipulation, neither the Stipulation, nor any of its terms or provisions, nor entry of the Final Order and Judgment, nor any document or exhibit referred in or attached to the Stipulation, nor any action taken to carry out the Stipulation, is, may be construed as, or may be used as evidence of the validity of any of the Released Claims, or an admission by or against Derivative Defendants of any fault, wrongdoing, or concession of liability.

8

## VII.   DERIVATIVE PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSE AWARD

Derivative Plaintiffs' Counsel have asked the Court to approve an agreed-to award of attorneys' fees and expenses that have been incurred or will be incurred in connection with the Derivative Actions in the amount of $280,000.00 (the "Fee and Expense Award"), as appropriate consideration for the substantial benefits conferred upon Sunrun as a result of the prosecution and settlement of the Derivative Actions.

## VIII.   THE RIGHT TO BE HEARD AT THE SETTLEMENT HEARING

Any Current Sunrun Stockholder may appear at the Settlement Hearing and show cause, if he, she, or it has any reason why the Settlement of the Derivative Actions embodied in the Stipulation should not be approved as fair, reasonable, and adequate, or why the Final Order and Judgment should or should not be entered, or why the Fee and Expense Award should not be awarded (an "Objection").  Current Sunrun Stockholders cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement.

To object, the Current Sunrun Stockholder must: (a) file a written Objection stating your name, legal address and telephone number, the case name and number (*Sklar v. Fenster, et al.*, Case No. 17-cv-03743) and stating all reasons for the Objection; (b) give proof of current ownership of Sunrun common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; (c) clearly identify any and all evidence that would be presented at the Settlement Hearing in connection with such Objection, along with the names of any witness(es) you intend to call to testify at the Settlement Hearing and the subject(s) of their testimony; and (d) identify any case, by name, court, and docket number, in which the objector or his, her, or its attorney, if any, has objected to a settlement in the last three years.  Any written Objection shall be filed with the Clerk of the Court at least fourteen (14) calendar days prior to the Settlement Hearing, at the below address:

### CLERK OF COURT

9

San Francisco United States Courthouse

450 Golden Gate Avenue

San Francisco, CA 94102

Any Current Sunrun Stockholder wishing to be heard at the Settlement Hearing is required to include a notice of intention to appear at the Settlement Hearing together with his, her, or its written Objection. A Current Sunrun Stockholder who fails to file a written Objection may be excused by the Court for good cause and appear at the Settlement Hearing.  Unless the Court otherwise directs, any Current Sunrun Stockholder who does not make his, her, or its Objection in the manner provided in the preceding paragraph of this Notice shall be deemed to have waived such objection, shall be bound by the Final Order and Judgment, and shall forever be foreclosed from (a) making any objections to the fairness, adequacy, or reasonableness of the Settlement, or (b) making any objections to the fairness and reasonableness of the Fee and Expense Award.

IX.     CONDITIONS FOR SETTLEMENT

The Settlement is conditioned on the occurrence of certain events described in the Stipulation, including entry of the Final Order and Judgment by the Court. If, for any reason, any one of the conditions described in the Stipulation is not met and the entry of the Final Order and Judgment does not occur, the Stipulation might be terminated and, if terminated, will become null and void and the parties to the Stipulation will be restored to their respective positions as of June 28, 2019.

X.     EXAMINATION OF PAPERS AND INQUIRIES

This Notice summarizes the proposed settlement. For the precise terms and conditions of the Settlement, please see the settlement agreement available at the investor relations section of Sunrun's website at http://www.sunrun.com, by contacting Counsel for Derivative Plaintiffs referenced below, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for   the United States District Court for the Northern

10

1   District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, between 9:00 a.m. and

2   4:00 p.m., Monday through Friday, excluding Court holidays.

3          Any other inquiries regarding the Settlement or the Derivative Actions should be addressed

4   in writing to the following:

5

| Counsel for Derivative Plaintiffs | Counsel for Nominal Defendant Sunrun |
|---|---|
| Joshua M. Lifshitz<br>Lifshitz & Miller LLP<br>821 Franklin Ave., Suite 209<br>Garden City, NY 11530 | Susan S. Muck<br>Fenwick & West LLP<br>555 California Street, 12th Floor<br>San Francisco, CA 94104 |

6

7

8

9          **PLEASE DO NOT TELEPHONE THE COURT, COURT CLERK'S OFFICE, OR ANY**
10          **REPRESENTATIVE OF SUNRUN REGARDING THIS NOTICE**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                      11

28