UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA SUE SKLAR LIVING TRUST, Derivatively on Behalf of Nominal Defendant SUNRUN INC.,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD FENSTER, RICHARD WONG, LESLIE DACH, LYNN JURICH, STEVEN VASSALLO, GERALD RISK, KATHERINE AUGUST-DE WILDE AND ROBERT PATRICK KOMIN, JR.,<br><br>Defendants,<br><br>and<br><br>SUNRUN INC.,<br><br>Nominal Defendant. | Case No.: 3:17-cv-03743-VC<br><br>~~EXHIBIT A: [PROPOSED]~~ **PRELIMINARY APPROVAL AND SCHEDULING ORDER** |
| LEONARD OLSEN, derivatively on behalf of SUNRUN INC.,<br><br>Plaintiff,<br><br>v.<br><br>LYNN JURICH, BOB KOMIN, PAUL WINNOWSKI, LESLIE DACH, RICHARD WONG, STEVE VASSALLO, GERALD RISK, EDWARD FENSTER, KATHERINE AUGUST-DEWILDE, and JAMESON MCJUNKIN,<br><br>Defendants,<br><br>and<br><br>SUNRUN INC.<br><br>Nominal Defendant. | Case No.: 3:19-cv-02109-VC |

1

This matter having come before the Court on Derivative Plaintiffs' motion pursuant to Rule 23.1 of the Federal Rules of Civil Procedure ("Rule 23.1") for entry of an order: (a) preliminarily approving the proposed settlement (the "Settlement") of the above-captioned actions (the "Derivative Actions"), in accordance with the Second Amended and Restated Stipulation and Agreement of Settlement entered into by the Settling Parties, dated September 5, 2019 (the "Stipulation"); and (b) approving the distribution of Notice to Current Sunrun Inc. ("Sunrun" or the "Company") Stockholders; and the Court, having read and considered the Stipulation and accompanying documents, and all Settling Parties having consented to the entry of this Preliminary Approval Order,

**IT IS HEREBY ORDERED:**

1. Except for the terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Preliminary Approval Order.

2. The Settlement appears to be the product of serious, informed, arm's-length negotiations, has no obvious deficiencies, provides substantial value to the Company, and falls within the range of possible approval and, therefore, merits further consideration.

3. The Court preliminarily finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Company and its shareholders.

4. The Court has scheduled a Settlement Hearing, which will be held on November 21, 2019, at 10:00 a.m., before the Honorable Vince Chhabria or such other judge as may be sitting in his place and stead, at the San Francisco United States Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102 in order to:

    a. consider whether the Settlement, pursuant to Rule 23.1, is fair, reasonable, adequate, and in the best interests of the Company and its stockholders;

    b. consider whether the Notice fully satisfies the requirements of Rule 23.1 and due process;

    c.  consider the entry of the Final Order and Judgment dismissing the above-captioned matter with prejudice, with each party to bear its, his, or her own costs except as provided for in the Stipulation, and release any and all Released Claims;

    d.  consider the approval of the Fee and Expense Award; and

    e.  hear other such matters as the Court may deem necessary and appropriate.

  5.  The Court reserves the right to adjourn the Settlement Hearing or modify any of the dates set forth herein.

  6.  The Court reserves the right to approve the Settlement at or after the Settlement Hearing with such modifications as may be consented to by the Settling Parties.

  7.  The Court approves, as to form and content, the Notice and finds that the Notice proposed by the Settling Parties in the Stipulation is reasonable, constitutes the most practicable notice under the circumstances, constitutes sufficient notice to Current Sunrun Stockholders, and complies with the requirements of federal law and due process.

  8.  Sunrun shall undertake the administrative responsibility for providing the Notice to Current Sunrun Stockholders, subject to the supervision and direction of the Court as may be necessary or as circumstances require.

  9.  Within ten (10) calendar days after the entry of this Preliminary Approval Order, Sunrun shall (i) cause the Notice to be published once in *Investors' Business Daily*; and (ii) post a link to the Notice, substantially in the form attached hereto, together with links to the Stipulation and the exhibits to the Stipulation on the investor relations section of Sunrun's corporate website. Sunrun shall maintain this information on the investor relations section of its corporate website until entry of Final Order and Judgment.

  10.  At least fifteen (15) calendar days prior to the Settlement Hearing, Sunrun shall serve on counsel in the Derivative Actions and file with the Court proof, by affidavit or declaration, of (i) publication of Notice once in *Investors' Business Daily*; and (ii) posting of the Notice and Stipulation on its website.

11. Any Current Sunrun Stockholder who wishes to object to the Settlement and/or show cause why it should not be approved, why the Final Order and Judgment should or should not be entered thereon, or why Plaintiffs' Counsel's Fee and Expense Award should not be awarded (an "Objection") may appear and show cause why the terms of the Settlement should not be approved as fair, reasonable, and adequate, or why a judgment should not be entered thereon, or why attorneys' fees and expenses should not be awarded to Derivative Plaintiffs' Counsel, provided, however, that, unless otherwise ordered by the Court, no Current Sunrun Stockholder shall be heard or entitled to contest the approval of all or any of the terms and conditions of the Settlement, or, if approved, the Final Order and Judgment to be entered thereon approving the same, or the attorneys' fees and expenses to be awarded to Derivative Plaintiffs' Counsel, unless that person has, at least fourteen (14) calendar days prior to the Settlement Hearing, filed an Objection with the Clerk of the Court in writing: (a) identifying their name, legal address, telephone number, the case name and number (*Barbara Sue Sklar Living Trust v. Edward Fenster, et al.*, No. 17-cv-03743) and stating all reasons for the Objection; (b) giving proof of current ownership of Sunrun common stock, including the number of shares and documentary evidence of when such stock ownership was acquired; (c) clearly identifying any and all evidence that would be presented at the Settlement Hearing in connection with such Objection, along with the names of any witness(es) they intend to call to testify at the Settlement Hearing and the subject(s) of their testimony; and (d) identifying any case, by name, court, and docket number, in which the stockholder, or his, her, or its attorney, has objected to a settlement in the last three years.

12. Any Current Sunrun Stockholder wishing to be heard at the Settlement Hearing is required to include a notice of intention to appear at the Settlement Hearing together with his, her, or its written Objection. A Current Sunrun Stockholder who fails to file a written Objection may be excused by the Court for good cause and appear at the Settlement Hearing.

13. Any Current Sunrun Stockholder who does not make his, her, or its Objection in the manner provided in the preceding paragraphs of this Preliminary Approval Order shall be deemed to have waived such Objection and shall forever be foreclosed from: (a) making any objection to

the fairness, adequacy, or reasonableness of the Settlement; or (b) making any objection to the fairness and reasonableness of the Fee and Expense Award.

14. All papers in support of the Settlement and the Settling Parties' responses to any Objection by any Current Sunrun Stockholder, if any, shall be filed with the Court and served at least seven (7) calendar days prior to the Settlement Hearing.

15. All proceedings in the Derivative Actions, other than such proceedings as may be necessary to carry out the terms and conditions of the Stipulation and the Settlement, are hereby stayed and suspended until further order of this Court.

16. The Court may, for good cause, extend any of the deadlines set forth in the Order without further notice to Current Sunrun Stockholders.

17. Neither the Stipulation, nor any term or provision contained in the Stipulation, nor any action undertaken pursuant thereto, nor any of the negotiations or proceedings connected with it (including this Preliminary Approval Order or any other orders or judgments entered in connection with the Stipulation or Settlement) is, nor shall be construed as or deemed to be, nor may be used as an admission, presumption, or concession by Derivative Defendants or their Related Persons, nor as evidence of the truth of any of the allegations in the Derivative Actions, of the validity of any Released Claim, or of any liability, fault, culpability, or wrongdoing of any kind and shall not be referred to or offered as evidence in any proceeding in the Derivative Actions nor in any other pending or future civil, criminal, or administrative action or proceeding, except (a) in a proceeding to enforce this Stipulation, (b) in any action that may be brought against the Released Persons to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, (c) or as otherwise required by law.

18. If the Stipulation is not approved by the Court, is terminated, or shall not become effective for any reason, the Derivative Actions shall proceed, completely and without prejudice to any party as to any matter of law or fact as if the Stipulation had not been made and had not been

submitted to the Court, and none of the Stipulation, any provision contained in the Stipulation, any action undertaken pursuant thereto, or the negotiation thereof (including any document prepared or statement made in connection with the Stipulation) by any party shall be deemed or construed to be an admission by a Settling Party of any act, matter, or proposition, and shall not be offered as evidence or used in any manner for any purpose at any proceeding in the Derivative Actions or in any other action or proceeding for any purpose.

IT IS SO ORDERED

Dated: September 16, 2019

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE