UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| BARBARA SUE SKLAR LIVING TRUST, Derivatively on Behalf of Nominal Defendant SUNRUN INC., <br><br>       Plaintiff,<br><br>   v.<br><br>EDWARD FENSTER, RICHARD WONG, LESLIE DACH, LYNN JURICH, STEVEN VASSALLO, GERALD RISK, KATHERINE AUGUST-DE WILDE AND ROBERT PATRICK KOMIN, JR.,<br><br>       Defendants,<br>and<br><br>SUNRUN INC.,<br><br>       Nominal Defendant. | Case No.: 3:17-cv-03743-VC<br><br>[~~PROPOSED~~] FINAL ORDER AND JUDGMENT |
| LEONARD OLSEN, derivatively on behalf of SUNRUN INC.,<br><br>       Plaintiff,<br><br>   v.<br><br>LYNN JURICH, BOB KOMIN, PAUL WINNOWSKI, LESLIE DACH, RICHARD WONG, STEVE VASSALLO, GERALD RISK, EDWARD FENSTER, KATHERINE AUGUST-DEWILDE, and JAMESON MCJUNKIN,<br><br>       Defendants,<br>   and<br><br>SUNRUN INC.<br><br>       Nominal Defendant. | Case No.: 3:19-cv-02109-VC |

This matter came before the Court for hearing pursuant to the Court's Preliminary Approval and Scheduling Order dated September 16, 2019 (the "Preliminary Approval Order"), on the application of the parties for final approval of the settlement set forth in the Second Amended and Restated Stipulation and Agreement of Settlement dated September 5, 2019 (the "Stipulation").  Due and adequate notice having been given to Current Sunrun Stockholders as required in said Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.   Unless otherwise stated herein, all capitalized terms contained in this Final Order and Judgment shall have the same meaning and effect as stated in the Stipulation.

2.   The Court has jurisdiction over the subject matter of the above-captioned matters (the "Derivative Actions") and over the Settling Parties in the above-captioned matters.

3.   The Court finds that the Notice of Pendency and Proposed Settlement of Shareholder Derivative Actions (the "Notice") was given in accordance with the Preliminary Approval Order entered on September 16, 2019, and that such Notice was reasonable, constituted the most practicable notice under the circumstances to Current Sunrun Stockholders, and complied with the requirements of Federal Rule of Civil Procedure 23.1 and due process.

4.   The Court hereby approves the Settlement set forth in the Stipulation and finds that the Settlement is, in all respects, fair, reasonable, and adequate to each of the Settling Parties, Sunrun, and Current Sunrun Stockholders, and further finds that the Settlement is in the best interests of Sunrun and Current Sunrun Stockholders.  The Court hereby directs the Settling Parties to perform the terms of the Settlement as set forth in the Stipulation.

5.   The Court hereby dismisses the Derivative Actions with prejudice and without costs to Derivative Defendants, except as otherwise provided below.

6.   Upon the Effective Date, the Releasing Parties, their Related Persons, and anyone making claims through or on behalf of any of them shall be deemed to, and by operation of this Final Order and Judgment shall, have fully, finally, and forever released, relinquished, and

discharged any and all of the Released Claims (including Unknown Claims) against each and all of the Released Persons and any and all claims arising out of or in connection with the defense, settlement, or resolution of the Derivative Actions against the Released Persons.

7. Upon the Effective Date, each of the Derivative Defendants and their Related Persons shall be deemed to have fully, finally, and forever released, relinquished, and discharged Derivative Plaintiffs and Derivative Plaintiffs' Counsel from all claims (including any claims related to Unknown Claims), arising out of or in connection with the institution, prosecution, assertion, settlement, or resolution of the Derivative Actions or the Released Claims.

8. Nothing herein shall in any way impair or restrict the rights of any Settling Party to enforce the terms of the Stipulation.

9. The Court hereby approves the Fee and Expense Award and directs payment of the Fee and Expense Award in accordance with the terms of the Stipulation.

10. During the course of the litigation of the Derivative Actions, all Settling Parties and their counsel acted in good faith and complied with Rule 11 of the Federal Rules of Civil Procedure and any similar rule or statute.

11. Neither the Stipulation nor the Settlement contained therein, nor any term or provision contained in the Stipulation, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement, nor any of the negotiations or proceedings connected with the Stipulation or Settlement (including this Final Order and Judgment or any other orders or judgments entered in connection with the Stipulation or Settlement), is nor shall be construed as nor deemed to be, nor may be used as: (a) an admission, presumption, concession, or evidence of the truth of any of the allegations in the Derivative Actions, the validity of any Released Claim, or any liability, fault, culpability wrongdoing, or omission of any kind of the Derivative Defendants or Released Persons, or the Court's jurisdiction over the Released Persons for purpose of the Released Claims or for any other purpose; (b) an admission or concession by Derivative Plaintiffs or any Sunrun stockholder of any infirmity in the claims asserted in any pleading in the Derivative Actions; or (c) an admission, presumption, concession, or evidence of

any liability, fault, culpability, wrongdoing, or omission of any kind of any of the Released Persons, and shall not be referred to or offered in evidence, in any pending or future civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal or forum, except (a) in a proceeding to enforce this Stipulation, (b) in any action that may be brought against the Released Persons to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or (c) or as otherwise required by law. The Released Persons may file the Stipulation and/or this Final Order and Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, equitable estoppel, judicial estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

12. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of this Settlement; and (b) all Settling Parties and the Settling Parties' counsel hereto for the sole purpose of construing, enforcing, and administering the Stipulation and this Final Order and Judgment.

13. No proceeding, appeal, or petition pertaining solely to the Fee and Expense Award or reversal or modification thereof, shall operate to terminate, modify or cancel the Stipulation, or affect or delay the Effective Date or the finality of this Judgment.

14. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, the Judgment shall be vacated, and all orders entered and releases delivered in connection with the Stipulation and this Judgment shall become null and void, except as otherwise provided for in the Stipulation.

15. There is no reason for delay in the entry of this Final Order and Judgment and immediate entry by the Clerk of the Court is expressly directed by the Court.

1  Dated: November 29, 2019

_____
THE HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE